# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MILDRED D. EDWARDS, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:15-cv-00408 |
| | ) REEVES/SHIRLEY |
| THOMAS MILLER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, acting *pro se*, filed this action alleging violation of her constitutional rights when defendant, a medical doctor, refused to prescribe pain medication for her and discharged her as a patient.

Defendant filed a motion to dismiss on April 19, 2017. Plaintiff failed to respond, and the court ordered her to show cause in writing on or before June 9, 2017, why defendant's motion should not be granted and this action dismissed. Plaintiff failed to respond to the motion and to the court's order; pursuant to LR 7.2, her failure to respond will be deemed a waiver of any opposition to the relief sought.

## Background

Edwards was a patient of Dr. Miller at his clinic, Southeast Spine and Pain Associates in Knoxville, Tennessee. Edwards received Hydrocodone prescriptions from Dr. Miller. In connection with her treatment, Edwards was required to submit urine drug screens so that Dr. Miller could monitor whether she was taking Hydrocodone in the

manner prescribed. Edwards was discharged as a patient from the clinic after her pill count was short and she tested negative for Hydrocodone several times. Dr. Miller ceased prescribing any pain medication for Edwards.

Edwards alleges she went to a local hospital to get prescriptions after Dr. Miller ceased to provide them. Eventually, she was "red flagged" and denied prescriptions from the hospital because she "went so much." Edwards blames Dr. Miller for subsequent actions of the hospital and seeks "12.5 to 25 Million Dollars for her pain and suffering."

Dr. Miller moves for dismissal of the complaint on the grounds that Edwards has failed to allege the deprivation of any right secured by the Constitution or laws of the United States, and fails to allege that Dr. Miller was acting under color of state law.

## **Discussion**

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434

2

(6th Cir. 1988). The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Id.* Although the court is required to read *pro se* complaints liberally, (see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), a plaintiff must plead specific facts backing up her claims of civil rights violations.

Dr. Miller asserts he is a private citizen, and at the time of the events alleged in the complaint, he was not acting under color of state law. Therefore, he cannot be sued for violations of § 1983, which expressly requires that a defendant act under color of state law.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege the "deprivation of rights secured by the United States Constitution or a federal statue by a person who is acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003). Whether state action is present in a case involving private citizens depends on whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The "under color of state law" element of § 1983 excludes from its reach private conduct, no matter how discriminatory or wrongful. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

The Supreme Court has set forth three tests to determine whether conduct may be fairly attributable to the state in order to hold a defendant liable under § 1983. These tests are (1) the public function test, (2) the state compulsion test, and (3) the nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The public function test requires that the private actor exercise powers which are traditionally exclusively reserved to the

3

state. *Id.* The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id.* Finally, the nexus test requires a sufficiently close relationship (*i.e.*, through state regulation or contract) between the state and the private party so that the action taken may be attributed to the state. *Id.*

Edwards cannot establish that Dr. Miller is a state actor under the public function test. The public function test requires that the private actor exercise powers which are traditionally exclusively reserved to the state, such as holding elections, or eminent domain. *Id.* With regard to this case, Edwards has not provided any facts explaining how a private doctor at a private clinic was exercising a power traditionally reserved to the state. Pain treatment and medical care has not traditionally been a power reserved to the state. Edwards was not a prisoner in state custody. Therefore, Dr. Miller is not a state actor under the public function test.

Nor can Edwards establish that Mr. Miller was a state actor under the state compulsion test. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the acts of a private citizen are deemed to be that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Edwards has provided no facts suggesting that the state exercised coercive power or provided encouragement to Dr. Miller to make his decision to stop prescribing pain medication a state action.

Finally, Edwards cannot establish that Dr. Miller was a state actor under the symbiotic relationship or nexus test. The acts of a private citizen constitute state action

4

when there is a sufficiently close nexus between the state and the challenged action so that the action of the private citizen may be fairly treated as that of the state itself. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Edwards must show that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for the purposes of § 1983. Her complaint fails to state any facts to support a relationship between Dr. Miller and the state that led to any constitutional deprivation. The court concludes that Dr. Miller's actions were not taken "under color of state law", and Edwards' § 1983 claim must be dismissed for failing to plead facts sufficient to support a § 1983 claim.

## **Conclusion**

In light of the foregoing discussion, defendant's motion to dismiss [R. 13] is **GRANTED,** and plaintiff's claims are **DISMISSED in their entirety, with prejudice**.

_____
**UNITED STATES DISTRICT JUDGE**